

# THE SUPREME COURT OF TEXAS

Post Office Box 12248
Austin, Texas 78711

(512) 463-1312

July 03, 1998

Mr. Robert B. Gilbreath
Jenkens & Gilchrist
1445 Ross Avenue, Suite 3200
Dallas, TX 75202-2799

Mr. Donald H. Flanary, Jr.
Vial Hamilton Koch & Knox
1717 Main Street, Suite 4400
Dallas, TX 75201

Mr. William W. Speed
Vial Hamilton Koch & Knox
1717 Main Street, Suite 4400
Dallas, TX 75201

Ms. Leslie Kendall Howell
Touchstone Bernays Johnston Beall & Smith
1201 Elm Street, Suite 4700
Dallas, TX 75270-2196

Mr. Jerry M. White
Law Offices of Frank L. Branson
4514 Cole Avenue, Suite 1800
Dallas, TX 75205

Mr. Frank L. Branson
Law Offices of Frank L. Branson
4514 Cole Avenue, Suite 1800
Dallas, TX 75205

Mr. J. Hadley Edgar
Law Offices of Frank L. Branson
4514 Cole Avenue, Suite 1800
Dallas, TX 75205

Mr. L. Keith Slade
Tucker Hendryx Taunton Snyder & Slade
8 Greenway Plaza, Suite 1200
Houston, TX 77046

Ms. Mary Colchin Johndroe
Cantey & Hanger
801 Cherry Street, Suite 2100
Fort Worth, TX 76102

RE:     Case Number 98-0492
        Court of Appeals Number: 05-98-00868-CV
        Trial Court Number: 97-07370-B

Style:  IN RE JERRY'S CHEVROLET-BUICK, INC.
        v.



# THE SUPREME COURT OF TEXAS

Post Office Box 12248
Austin, Texas 78711

(512) 463-1312

Dear Counsel:

Today, the Supreme Court of Texas denied the relator's petition for writ of mandamus in the above numbered and styled case.

Stay order of June 1, 1998, is lifted. Motion for reconsideration of stay order dismissed as moot.

Opinion dissenting on denial of petition for writ of mandamus by Justice Gonzalez, joined by Justice Hecht.

Sincerely,

John T. Adams, Clerk

by *Blanca E. Morin*

Blanca E. Morin, Deputy

cc:    Mr. Earl Bullock
       Ms. Lisa Rombok, Clerk
       The Honorable Ed Kinkeade
       The Honorable Carlos Lopez

# IN THE SUPREME COURT OF TEXAS

No. 98-0492

IN RE JERRY'S CHEVROLET-BUICK, INC., RELATOR

ON PETITION FOR WRIT OF MANDAMUS

JUSTICE GONZALEZ, joined by JUSTICE HECHT, dissenting from the denial of the petition for writ of mandamus.

I dissent from the denial of the petition for writ of mandamus in this case.

Underlying this request for mandamus relief is a personal injury action brought by Jace and Theresa Conger against Jerry's Chevrolet-Buick, Inc. ("Jerry's"), Texas Utilities Electric Company, and Texas Utilities Services, Inc. Jace, a claims adjuster, was asked to inspect Jerry's roof for hail damage. While on the roof, Jace came in contact with a power line owned by Texas Utilities Electric Company, which allegedly caused the injuries for which he is now suing.

The Congers claim that Jerry's and its general manager had actual knowledge of a dangerous condition created by the power line for almost two years prior to the accident. They allege that someone from Texas Utilities came to Jerry's to inspect the power line, and the inspector informed Jerry's that a guy wire supporting the line had been cut, causing the power line to sag dangerously close to the roof on which Jace was working. It is Jerry's actual, subjective awareness of the condition and alleged failure to warn Jace or remedy the problem that form the bases for the

Congers' gross negligence claim and punitive damages request.

To that end, the Congers have requested discovery of Jerry's financial statements for years 1994-1997 in order to determine Jerry's net worth, which would be relevant to the proper amount of punitive damages that may be awarded. *Lunsford v. Morris*, 746 S.W.2d 471, 473 (Tex. 1988). Over Jerry's objections, Judge Carlos Lopez allowed the discovery. Jerry's filed a petition asking this Court to issue mandamus relief preventing discovery of their financial statements due to the confidential and sensitive nature of such information. We granted a stay to consider Jerry's request, but much to my chagrin, that stay will be lifted and the discovery will go forward because of the Court's refusal to hear this case.

Jerry's contends that it should not be required to produce financial statements to the Congers until they have stated a factual basis for recovery of exemplary damages and have made a prima facie showing that they are entitled to recover exemplary damages. I agree.

I have suggested before that a plaintiff should be required to demonstrate a factual basis for punitive damages before being allowed to discover financial information from which net worth can be determined. *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 331-32 (Tex. 1993) (Gonzalez, J., concurring). Furthermore, it is also my view that plaintiffs should make a prima facie showing that punitive damages are appropriate before they may discover net worth information. This procedure would protect defendants from intrusive and pointless discovery of sensitive, private, and confidential net worth information based upon a plaintiff's mere assertion of gross negligence in a petition. *Id.* Moreover, this procedure is consistent with and complements the requirement that trials

2

of cases involving claims for exemplary damages be bifurcated. Tex. Civ. Prac. & Rem. Code § 41.009; *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 30 (Tex. 1994).

Although the Court acknowledges the sensitivity of financial and net worth information, *Moriel*, 879 S.W.2d at 30 (stating that wealth of a defendant has great potential to prejudice a jury's determination of disputed issues in a tort case), we have yet to address when and on what basis a party is entitled to discover that information. These issues are significant and demand the Court's attention. We have been willing to address these issues on two previous occasions. The Court granted petitions for writ of mandamus in *Aramark Uniform Services, Inc. v. Tyson*, 40 Tex. Sup. Ct. J. 84 (November 15, 1996), and *Perry Home Contractors, Inc. v. Patterson*, 39 Tex. Sup. Ct. J. 237 (February 9, 1996), in which we were to determine whether a plaintiff must make a prima facie showing of entitlement to exemplary damages before discovering evidence of a defendant's net worth. However, we were unable to decide the issue because those cases were dismissed pursuant to settlement. *Perry Home Contractors, Inc. v. Patterson*, 40 Tex. Sup. Ct. J. 398 (March 6, 1997); *Aramark Uniform Servs., Inc. v. Tyson*, 40 Tex. Sup. Ct. J. 131 (December 13, 1996).

The Court now has that opportunity again, and I lament its refusal to take advantage of it. It would benefit the bench and bar if we would clarify the standards for discovering net worth information and establish the procedures for plaintiffs to demonstrate their entitlement to exemplary damages.

Raul A. Gonzalez
Justice

OPINION DELIVERED:  July 3, 1998

3