11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                          Order

 

In re Western Star Trucks US, Inc.; Freightliner, LLC;
and Western Star Trucks Sales, Inc.

No.  11-03-00170-CV B Original
Mandamus Proceeding

 

Our former opinion and judgment
dated July 29, 2003, are withdrawn, and our opinion and judgment dated July 31,
2003, are substituted therefor.  

 

TERRY McCALL

JUSTICE

 

July 31, 2003

Panel consists of:  Arnot, C.J.,
and

McCall, J., and McCloud, S.J.[1]








                                                             11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

In re Western Star Trucks US, Inc.; Freightliner, LLC;
and Western Star Trucks Sales, Inc.

No. 11-03-00170-CV - Original
Mandamus Proceeding

 

This is an original
mandamus proceeding concerning various discovery orders entered by the trial
court.  Relators, Western Star Trucks
US, Inc. (Western Star Trucks US), Freightliner, LLC (Freightliner), and
Western Star Trucks Sales, Inc. (Western Star Trucks Sales), complain of four
pretrial rulings entered by the trial court. 
We conditionally grant a writ of mandamus.

                                                                Procedural
History

The real party in
interest in this proceeding is Freeman & Sons Trucking, Inc. (Freeman).
Freeman entered into a carriage contract with one of the relators, Western Star
Trucks US, in 2000 to transport trucks manufactured in Mexico for Western Star
Trucks US.   Freeman filed suit against
Western Star Trucks US and several other entities, alleging fraudulent
inducement and negligent misrepresentation 
in connection with the carriage contract.  Relators Western Star Trucks Sales and Freightliner are also
defendants in the trial court proceedings.  
At the time of the execution of the carriage contract, Western Star
Trucks US and Western Star Trucks Sales were subsidiaries of Western Star
Trucks Holdings, Ltd.[2]  Freightliner acquired 100 percent of the
stock of Western Star Trucks Holdings, Ltd. after the execution of the carriage
contract.

The disputes at
issue in this mandamus proceeding stem from Freeman=s efforts to impose liability against
Freightliner.  Until very recently,
Freeman=s allegations of liability against Freightliner only
consisted of the following assertions:

1.                 
Freightliner is the
successor-in-interest to Western Star Trucks Holdings, Ltd. and/or Western Star
Trucks US; and

 

2.                 
Freightliner agreed to
assume the debts and liabilities of Western Star Trucks Holdings, Ltd. and/or
Western Star Trucks US.








As set forth in greater detail
below, Freeman has filed a supplemental pleading which includes several
additional theories of recovery against Freightliner.  Freeman also seeks to impose joint and several liability against
Western Star Trucks US, Western Star Trucks Sales, Western Star Trucks
Holdings, Ltd., and Western Star Trucks, Inc. under the Asingle business enterprise@ rule and the Ajoint
enterprise@ rule.[3]  

The events leading
to the filing of this mandamus proceeding occurred in the month preceding the
trial setting of June 10, 2003.   On May
12, 2003, Freeman filed a motion entitled AMotion
for Sanctions.@  Freeman
alleged in the motion that relators had engaged in a pattern of discovery
abuse.[4]  Freeman asked the trial court to deem the
following fact in its favor against Freightliner:

Freightliner LLC is the successor-in-interest to Western
Star Trucks Holdings Ltd. and Western Star Trucks Inc.  Freightliner LLC agreed to assume the debts
and liabilities of Western Star Trucks Holdings Ltd. and Western Star Trucks,
Inc.  Therefore, Freightliner LLC is now
liable for Freeman & Sons= damages and
injuries

caused by the actions and omissions of Western Star
Trucks Holdings Ltd. and Western Star Trucks Inc.[5]

 

In the motion for sanctions,
Freeman additionally sought the production of documents showing Freightliner=s net worth.








At the May 16,
2003, hearing on motion for sanctions, relators asserted that Freeman=s request for the entry of findings against relators
as sanctions would be improper because Freeman had not sought the entry of
orders compelling discovery or imposing lesser sanctions.  Relators further argued that documentation
of Freightliner=s net worth was not discoverable because Freeman had
not asserted a sufficient theory of recovery which would support an award of
exemplary damages against Freightliner. 
At the conclusion of the hearing, the trial court announced the
following rulings which are germane to this proceeding:[6]

1.                 
Relators must produce
documents reflecting Freightliner=s
net worth;

 

2.                 
Relators must provide a
person or persons who can testify by deposition at Freeman=s convenience in either Amarillo, Texas, or
Sweetwater, Texas, as to all questions of successor-in-interest, single
business enterprise, and vicarious liability of Freightliner and the Western
Star entities;[7]

 

3.                 
Relators must produce
all documents that reflect any successor-in-interest, single business
enterprise, or vicarious liability between Freightliner and the Western Star
entities; and

 

4.                 
Joshua Palmer must
appear and give his deposition at Freeman=s
convenience in either Amarillo, Texas, or Sweetwater, Texas.

 

The trial court directed relators
to comply with these orders on or before May 23, 2003.  The trial court further advised relators
that they would be required to appear and show cause if these actions were not
completed by May 23.  The trial court
signed the written order on May 20, 2003. 


During the week
between the announcement of the trial court=s
rulings on May 16 and the May 23 compliance date, Freeman filed a supplemental
petition.[8]  The supplemental petition contained the
following additional theories of recovery:

1.                 
Western Star Trucks US,
Western Star Trucks Sales, Western Star Trucks Holdings, Ltd., Western Star
Trucks, Inc., and Freightliner are jointly and severally liable for Freeman=s damages under the principles of Aalter ego@
and ratification;

 








2.                 
Western Star Trucks US,
Western Star Trucks Sales, Western Star Trucks Holdings, Ltd., Western Star
Trucks, Inc., and Freightliner are jointly and severally liable for Freeman=s damages under the principles of the Asingle business enterprise@ rule and the Ajoint
enterprise@ rule;

 

3.                 
Western Star Trucks US,
Western Star Trucks Sales, Western Star Trucks Holdings, Ltd., Western Star
Trucks, Inc., and Freightliner are jointly and severally liable for Freeman=s damages because their corporate form is used as a
sham to perpetuate a fraud by using the corporate form as a sham to avoid
corporate debts and liabilities;

 

4.                 
Freightliner employed
cunning, deception, or artifice to circumvent, cheat, or defraud Freeman;

 

5.                 
Freightliner engaged in
negligent misrepresentation;

 

6.                 
Freightliner acted
maliciously with the specific intent to harm Freeman, thereby permitting the
imposition of exemplary damages against Freightliner; and

 

7.                 
Freightliner defrauded
Freeman, thereby permitting the imposition of exemplary damages against
Freightliner.

 

Relators filed a motion to strike
the May 17 supplemental petition on the ground that it was untimely in light of
the impending trial setting of June 10.








As of May 23,
relators had not complied with most of the trial court=s May 16 
rulings.[9]  Instead, relators filed a motion for
reconsideration of the May 16 rulings. 
The trial court entered an order to show cause on May 21, 2003, which
required relators to appear on May 23, 2003, and show cause why they had not
complied with the May 16 orders.  At the
conclusion of the May 23 show- cause hearing, the trial court announced its
finding that relators had failed to comply with the court=s May 16 rulings and had failed to show good cause for
the failure to comply.  After denying
relators= motion for reconsideration and motion to strike
Freeman=s supplemental pleading, the trial court ordered
relators to produce Joshua Palmer for deposition at a time and place of
convenience to Freeman in either Amarillo, Texas, or Sweetwater, Texas, on or
before May 30, 2003.  The trial court
further ordered relators to produce documents on or before May 28, 2003, reflecting
the net worth of Freightliner.  The
trial court then entered the following deemed finding against relators:

I further find by way of sanctions that [Western Star
Trucks US], [Western Star Trucks Sales], Western Star Trucks Holdings, Ltd.,
Western Star Trucks, Inc., and [Freightliner] are jointly and severally liable
for [Freeman=s] damages and injuries because of (sic) their
corporate [form] was and is used as a sham to avoid corporate debts and
liabilities, to be taken as established.

 

Relators filed a
petition for mandamus in this court on May 27, 2003.  Relators additionally filed an emergency motion for temporary
relief on May 27, 2003, requesting a stay of the trial court proceedings.  On May 27, 2003, we granted the motion for
temporary relief and entered an order staying the trial court proceedings.

                                                          Relators= Requested Relief

Relators seek
mandamus relief on the following four matters:

1.                 
The trial court=s order denying relators= motion to strike Freeman=s
supplemental petition;

 

2.                 
The trial court=s order requiring the production of Freightliner=s net worth information;

 

3.                 
The trial court=s order requiring Joshua Palmer to appear for a
deposition in Amarillo or Sweetwater; and

 

4.                 
The trial court=s order deeming a finding of joint and several
liability against Freightliner and several other Western Star entities.  

 

                                                      Standards
for Mandamus Relief

Mandamus is an
extraordinary remedy available Aonly in
situations involving manifest and urgent necessity and not for grievances that
may be addressed by other remedies.@  Walker v. Packer, 827 S.W.2d 833, 840
(Tex.1992)(orig. proceeding). To obtain mandamus relief, the relator must
demonstrate a clear abuse of discretion for which there is no adequate remedy
at law. Walker v. Packer, supra at 839‑40.  A party establishes that no adequate remedy at law exists by
showing that the party is in real danger of permanently losing its substantial
rights.  Canadian Helicopters Limited v.
Wittig, 876 S.W.2d 304, 306 (Tex.1994). 
Thus, mandamus will not issue absent Acompelling
circumstances.@  Tilton v.
Marshall, 925 S.W.2d 672, 681 (Tex.1996). 








                         Denial of Relators= Motion to Strike Freeman=s Supplemental Pleading

The record is not
clear as to the trial court=s basis for
denying relators= motion to strike Freeman=s supplemental pleading.  It appears that the trial court initially denied the motion on
its merits.  The trial court later
indicated that it denied the motion to strike as a discovery sanction.  Irrespective of the trial court=s basis for denying the motion, we conclude that the
denial of the motion cannot be reviewed in this mandamus proceeding.  As a preliminary matter, the record does not
indicate that relators filed a motion for continuance after the denial of their
motion to strike Freeman=s supplemental pleadings.  A request for a continuance is a prerequisite for obtaining
appellate review of the denial of a motion to strike a pleading.  Beard v. Beard, 49 S.W.3d 40, 52 (Tex.App. -
Waco 2001, pet=n den=d).  Relators=
complaint regarding the denial of the motion to strike would therefore appear
to be premature.  

The decision to
accept or reject an amended pleading is an inherently discretionary function of
the trial court.  Hardin v. Hardin, 597
S.W.2d 347, 349 (Tex.1980).  The right to
amend pleadings is to be liberally construed. 
Lee v. Key West Towers, Inc., 783 S.W.2d 586, 588 (Tex.1989).  As such, a trial court=s decision to permit an amended pleading is not
particularly amenable to review by mandamus. 
Moreover, a reviewing court lacks jurisdiction to issue writs of
mandamus to supervise or correct incidental rulings of the trial court when
there is an adequate remedy through appeal. 
Abor v. Black, 695 S.W.2d 564, 566 (Tex.1985).  It would appear that relators have an adequate remedy through
appeal to seek review of the trial court=s
denial of the motion to strike.  A
remedy by ordinary appeal is not inadequate merely because it may involve more
expense or delay than obtaining a writ of mandamus. Walker v. Packer, supra at
842. 

                                                  Discovery
of Freightliner=s Net Worth








Information
regarding net worth is discoverable in cases in which exemplary damages may be
awarded.  Lunsford v. Morris, 746 S.W.2d
471, 473 (Tex.1998)(orig. proceeding), overruled on other grounds,
Walker v. Packer, supra at 842. 
Relators argue that information pertaining to Freightliner=s net worth is not discoverable because Freeman has
not pleaded sufficient allegations which would permit a recovery of exemplary
damages.  Relators cite Al Parker Buick
Company v. Touchy, 788 S.W.129, 131 (Tex.App. B Houston [1st Dist.] 1990)(orig. proceeding), for the basic proposition
that Freeman must allege facts showing that Freightliner is liable for
exemplary damages.  Relators further
argue that the holding in Al Parker Buick Company should be extended to
require Freeman to make a prima facie showing of its entitlement to exemplary
damages against Freightliner before discovery of Freightliner=s net worth information is permitted.[10]  

As noted by the
court in Al Parker Buick Company, the Texas Supreme Court expressly held
in Lunsford that a party seeking discovery of net worth information is
not required to make a prima facie showing of an entitlement to exemplary
damages before discovery is permitted. 
Lunsford v. Morris, supra at 473; Al Parker Buick Company v. Touchy,
supra at 131.  In light of controlling
authority to the contrary, we reject relators= contention that Freeman should be required to make a prima facie
showing of its entitlement to exemplary damages before obtaining discovery of
Freightliner=s net worth.  

TEX. CIV. PRAC.
& REM. CODE ANN. ' 41.003(a) (Vernon 1997) permits a recovery of
exemplary damages when the harm for which the claimant seeks recovery results
from fraud or malice.  Freeman seeks a
recovery of exemplary damages in its supplemental pleading against Freightliner
based upon allegations that Freightliner has engaged in fraudulent and
malicious conduct.  Since Athere is no evidentiary threshold a litigant must
cross before seeking discovery,@ these
allegations are sufficient to permit Freeman to obtain discovery of
Freightliner=s net worth. 
Lunsford v. Morris, supra at 473; Al Parker Buick Company v. Touchy,
supra at 131.  Accordingly, we deny
relators= request for mandamus protection from producing
Freightliner=s net worth information.

                                                         Deposition
of Joshua Palmer

Relators
additionally seek mandamus protection from the trial court=s order requiring Joshua Palmer to give his deposition
in either Amarillo or Sweetwater.  The
record reflects that Palmer is a resident of Oregon.  He serves as in-house counsel to Freightliner.  Palmer has not been designated as a
corporate representative by relators under the provisions of TEX.R.CIV.P.
199.2(b)(1).








The matter
regarding  Palmer=s deposition was not addressed in Freeman=s May 12 motion for sanctions.  The matter came up at the May 16 hearing
during the trial court=s announcement of its rulings on the motion for
sanctions.  Freeman=s counsel informed the court that Freeman wanted to
take Palmer=s deposition to obtain information about the
relationship between Freightliner and the Western Star entities.  The trial court granted Freeman=s request to depose Palmer.  Freeman=s counsel made an additional request regarding Palmer=s deposition at the conclusion of the hearing:

One last thing isBI know this is going to come up.  Can we take theBjust because of the expense and all this
involvement.  I think this is, at least,
hopefully, reasonable to you.  Could we
do the depositions in our office in Amarillo? ...At least, as far as their
corporate reps and [Joshua] Palmer.  It
would save a fortune if we could do it in Amarillo rather than going off to
Washington. 

 

Relators assert
that the trial court exceeded its authority by requiring Palmer to appear in
Texas for his deposition.  TEX.R.CIV.P.
199.2(b)(2) lists the locations where a witness=s deposition may be taken: 

A.    
      The county of the witness=s residence;

 

B.    
       The county where the witness is
employed or regularly transacts business in person;

 

C.    
       The county of suit, if the witness is a
party or a person designated by a party under Rule 199.2(b)(1);

 

D.    
      The county where the witness was served
with the subpoena, or within 150 miles of the place of service, if the witness
is not a resident of Texas or is a transient person; or 

 

E.     
      Subject to the foregoing, at any other
convenient place directed by the court in which the cause is pending.

 

There is no dispute that Palmer
does not reside, work, or regularly transact business in Potter, Randall, or
Nolan Counties.  While Palmer is an
employee of a party, Rule 199.2(b)(2)(C) does not permit his deposition to be
taken in Nolan County because he has not been designated as a corporate
representative under Rule 199.2(b)(1). 








In Wal-Mart Stores,
Inc. v. Street, 754 S.W.2d 153 (Tex.1988)(orig. proceeding), the Texas Supreme
Court examined the parameters of Rule 199.2(b)(2)(E) which provides that a
deposition may be taken at Aany other
convenient place.@  There, the
trial court entered an order directing that the deposition of Sam Walton be
taken in Fort Worth, Texas.  While Fort
Worth was located in Tarrant County, Walton had not been designated a corporate
representative.  Furthermore, Walton did
not reside, work, or regularly transact business in Tarrant County.  The supreme court held that the trial court
clearly abused its discretion by ordering Walton=s deposition to be taken in Fort Worth.  In reaching its holding, the court noted that nothing presented
to the trial court supported any conclusion that it was reasonable or
convenient for Walton to travel to Fort Worth for his deposition.  The supreme court=s holding indicates that Aconvenience@
under the rule is to be determined from the perspective of the witness rather
than the parties.

The record does not
reflect that it would be convenient for Palmer to be deposed in Amarillo,
Sweetwater, or any other location in Texas. 
There is a reference in the transcript from the May 23 hearing that the
trial court considered the order requiring Palmer to be deposed in Texas as the
imposition of a discovery sanction against relators.  While a trial court has wide latitude in imposing discovery
sanctions, the sanctions must be just. 
TransAmerican Natural Gas Corporation v. Powell, 811 S.W.2d 913  (Tex.1991).   The circumstances involving Palmer=s deposition are very similar to the facts in Wal-Mart Stores, Inc. v.
Street, supra, where the supreme court determined that the order requiring Sam
Walton to be deposed in Texas constituted a clear abuse of discretion. Wal-Mart
Stores, Inc. v. Street, supra at 155.  
A sanction which constitutes a clear abuse of discretion is not
just.  Relators= request for a writ of mandamus concerning the
location of Palmer=s deposition is conditionally granted.  

                                                              The
Deemed Finding

Finally, relators
seek relief from the deemed finding of joint and several liability imposed by
the trial court. Discovery sanctions are reviewable under the standards adopted
by the Texas Supreme Court in TransAmerican.  The supreme court recently revisited the TransAmerican
standards in Spohn Hospital v. Mayer, 104 S.W.3d 878, 882 (Tex.2003):








TransAmerican set out a two‑part test for determining whether
a particular sanction is just.  First,
there must be a direct nexus among the offensive conduct, the offender, and the
sanction imposed.  A just sanction must
be directed against the abuse and toward remedying the prejudice caused to the
innocent party, and the sanction should be visited upon the offender.  The trial court must attempt to determine whether
the offensive conduct is attributable to counsel only, to the party only, or to
both.  

 

Second, just
sanctions must not be excessive.  In
other words, a sanction imposed for discovery abuse should be no more severe
than necessary to satisfy its legitimate purposes, which include securing
compliance with discovery rules, deterring other litigants from similar
misconduct, and punishing violators. We require courts to consider less
stringent sanctions and whether such lesser sanctions would fully promote
compliance.  (Citations omitted)

 

Discovery sanctions which inhibit
presentation of the merits of the case are subject to heightened scrutiny.  Spohn Hospital v. Mayer, supra at
882-83.  The sanction at issue in this
proceeding is a Acase determinative sanction@ because it inhibits the presentation of the merits of
the case.  Case determinative sanctions
may be imposed in the first instance only in exceptional cases when they are
clearly justified and it is fully apparent that no lesser sanctions would promote
compliance with the rules.  Spohn
Hospital v. Mayer, supra at 882-83. 

 Freeman contends that the trial court=s May 16 rulings constituted the imposition of lesser
sanctions which justified the trial court=s
subsequent act of deeming the finding against relators.  We disagree.  The orders which the trial court entered on May 16 are in the
nature of orders compelling discovery rather than the imposition of discovery
sanctions.  An order compelling
discovery is not an attempt at a lesser sanction.  In re Polaris Industries, Inc., 65 S.W.3d 746, 753 (Tex.App. -
Beaumont 2001)(orig. proceeding).








Our review of the
record indicates that the case determinative sanction imposed in this case is
excessive.   The deemed finding was
imposed as a sanction based upon relators=
purported failure to produce information detailing the relationship between
Freightliner and the Western Star entities. 
The May 16 rulings constituted the first order from the trial court
compelling relators to produce this information over the objections which they
lodged during the discovery process. The 3,000 pages of documents which
relators produced on May 23 in response to the court’s May 16 orders contain
the following types of information regarding the relationship between
Freightliner and the Western Star entities: 
(1) acquisition documents; (2) notifications to lessors and lenders
detailing the acquisition; (3) press releases regarding the acquisition; and
(4) documents detailing the corporate structure of the Western Star entities.[11]  The trial court’s entry of a case
determinative sanction is therefore excessive in light of relators’ efforts to
at least partially comply with the trial court’s order compelling discovery.   We further note that the trial court entered the finding of joint and
several liability against relators on the theory that their corporate form is
used as a sham to avoid corporate debts and liabilities.  Freeman had only pleaded this theory for
piercing the corporate veil six days prior to the May 23 order.   Relators=
request for a writ of mandamus regarding the deemed finding is conditionally
granted.  

                                                                This
Court=s Ruling

Western Star Trucks
US, Inc.; Freightliner, LLC; and Western Star Trucks Sales, Inc.=s petition for writ of mandamus is conditionally
granted.  The trial court is directed to
rescind its May 23, 2003, order directing Joshua Palmer to appear in Texas for
a deposition and all previous orders to this effect.  The trial court is further directed to rescind its May 23, 2003,
order deeming the finding of joint and several liability.  In the event these orders are not rescinded
by August 13, 2003, the writ of mandamus shall issue.  

 

TERRY McCALL

JUSTICE

 

July 31, 2003

Panel consists of: Arnot, C.J., and

McCall, J., and McCloud, S.J.[12]

 











     [1]Austin McCloud, Retired
Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by
assignment.





     [2]Western Star Trucks Holdings, Ltd. has not been named
as a defendant in these proceedings.





     [3]As noted above, AWestern
Star Trucks US@ and AWestern Star
Trucks Sales@ are named defendants/relators.  AWestern
Star Trucks Holdings, Ltd.@ and AWestern Star
Trucks, Inc.@ are not parties to these proceedings.   As used herein, the term AWestern Star entities@
collectively refers to these four entities. 






     [4]Specifically, Freeman complained that relators had
refused to:  (1) stipulate or admit that
Freightliner is the successor-in-interest to Western Star Trucks Holdings, Ltd.
and Western Star Trucks, Inc.; (2) 
produce documents proving or disproving successor-in-interest liability
on the part of Freightliner; (3) produce a corporate representative who could
testify about Freightliner=s acquisition of Western Star Trucks Holdings, Ltd.
and/or Western Star Trucks, Inc.; (4) produce documents discussing the
relationship between the various Western Star entities; and (5) A[offer] a penny to settle@
Freeman=s claims. 
Freeman additionally protested in the motion for sanctions that relators
had objected to producing documents requested in discovery, were tardy in the
production of requested documents, objected to questions asked during the
deposition of a corporate representative, and breached the terms of Rule 11
agreements concerning discovery.  See
TEX.R.CIV.P. 11.





     [5]Freeman also asked the court to enter a finding of
joint and several liability between the Western Star entities under the Asingle business enterprise@ rule and the Ajoint
enterprise@ rule. 





     [6]Prior to announcing its rulings, the trial court made
the following statement: AWell, it seems to me that games have been played.  At this point it may be unfortunate for
[Freeman] that the [relators] haven=t
really played games with the Court; they=ve
played games with you.@





     [7]Freeman=s attorneys= office is located in Amarillo.  Sweetwater is the county seat of Nolan
County.





     [8]The supplemental petition was filed on or about May 17,
2003.  Freeman contends that the
allegations contained in the supplemental petition are based on information
contained in documents which relators produced on May 16, 2003.





     [9]Relators produced approximately 3,000 pages of
documents on May 23 which they asserted were relevant to Freightliner=s relationship to the Western Star entities.  





     [10]Relators base their argument for extending the holding
in Al Parker Buick Company on Justice Raul Gonzalez=s dissenting opinion from the denial of the petition
for writ of mandamus in In re Jerry=s
Chevrolet-Buick, Inc., 977 S.W.2d 565 (Tex.1998).  Justice Gonzalez suggested that a plaintiff should be required to
make a prima facie showing that exemplary damages are appropriate before
obtaining discovery of net worth information. 
See Wal-Mart Stores, Inc. v. Alexander, 868 S.W.2d 322, 331-32
(Tex.1993) (Gonzalez, J., concurring).





     [11]The acquisition documents reveal a rather complicated
transaction occurring under the laws of British Columbia, Canada. 





     [12]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.