**WAL–MART STORES, INC. and Jerry Rand, Relators,**

v.

**Honorable John STREET, Judge of the 352nd Judicial District Court, Respondent.**

**No. C–7583.**

Supreme Court of Texas.

July 13, 1988.

C. Victor Anderson and Anne Gardner, Shannon, Gracey, Ratliff & Miller, Fort Worth, for relators.

Wallace Craig, Wallace Craig & Associates, Fort Worth, for respondent.

## ORIGINAL PROCEEDING

PER CURIAM.

This is a discovery mandamus proceeding. Relator Wal–Mart Stores, Inc. seeks writ of mandamus directing the Honorable John Street, Judge of the 352nd District Court, to rescind or modify his order directing that Sam Walton, the Chairman of the Board of Wal–Mart Stores, Inc., appear in Fort Worth and give his deposition in a slip-and-fall accident case pending in Judge Street's court. Andrew Carrizales, plaintiff in that suit, alleges he fell and injured himself while a business invitee in the Wal–Mart store in Sulphur Springs, Texas. Carrizales also alleges Wal–Mart was grossly negligent in failing to provide for the safety of its business invitees.

■ Walton was president of the corporation at the time the accident allegedly occurred. When plaintiff directed notice of deposition expressly to Walton, however, Walton was no longer an employee of Wal–Mart Stores, Inc., but was Chairman of the Board of Directors for the company. Wal–Mart moved for a protective order, asserting that it did not control Walton as an employee, that the deposition was for purposes of harassment because Walton submitted affidavits that he had no knowledge of the particular accident or store safety procedures involved, and that Walton should not be required to travel to Fort Worth when his residence and place of business was Bentonville, Arkansas.

Our rules provide that notice may be directed to "an agent or employee who is subject to the control of a party." Tex.R. Civ.P. 201(3). Judge Street conducted at least two hearings on the matter of Walton's deposition, and ordered that Walton appear in Fort Worth to give his deposition. Since the evidence is uncontroverted that Walton was not an employee when notice was served, we assume that Judge Street found as a fact that Walton as Chairman of the Board, major shareholder and past president was an agent for Wal–Mart subject to its control. As to his testimony, the test for discovery purposes is whether "the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Tex.R.Civ.P. 166b(2)(a). On the present record we find no clear abuse of discretion in Judge Street's decisions

that Walton is an agent of the corporation subject to its control and that Walton may possess knowledge reasonably calculated to lead to the discovery of admissible evidence.

■ Judge Street also directed that the deposition be taken in Fort Worth, Texas. Rule 201 provides that if the deposition notice is directed *to the corporation* and the corporation designates an agent or agents to give the deposition, then the deposition "may be taken in the county of suit" subject to the protective provisions of Rule 166b(4). Tex.R.Civ.P. 201(5). In this case, Wal–Mart did not designate Walton on its behalf. The other express provision of the rule is that the place designated "shall be reasonable" and "shall be the county of the witness' residence, or where he is employed or regularly transacts business in person or at such other convenient place as may be directed by the court in which the cause is pending." Tex.R.Civ.P. 201(5). Since nothing presented to Judge Street supports any conclusion that it was reasonable or otherwise convenient for Walton to travel to Fort Worth, the express provisions of the rule require the deposition to be taken in the county containing Bentonville, Arkansas. It was a clear abuse of discretion for Judge Street to order the deposition to be taken at a location directly contrary to Tex.R.Civ.P. 201(5). Since the order of Judge Street conflicts with a rule of civil procedure, a majority of the court grants leave to file the petition for writ of mandamus and, without hearing oral argument, conditionally grants writ of mandamus directing Judge Street to modify his order to provide that the deposition be taken in the county of Walton's residence. Tex.R.App.P. 122. We assume Judge Street will modify his order as directed in this opinion. If not, writ of mandamus will issue.