NO. 07-00-0565-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 3, 2001

______________________________

IN RE: KELLY ROGERS, R.N. AND

KING’S MANOR METHODIST RETIREMENT SYSTEM, INC., RELATORS

_________________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION FOR IMMEDIATE,

TEMPORARY RELIEF AND EMERGENCY STAY

Relators Kelly Rogers, R.N., (Rogers) and King’s Manor Methodist Retirement System, Inc., (King’s Manor) are petitioners seeking mandamus relief from actions of the judge of the 181st
 District Court of Potter County.  By Motion for Immediate, Temporary Relief and Emergency Stay, relators also seek immediate, temporary relief and an emergency stay from (1) trial court orders that relators’ experts designated on November 8, 2000, would not be allowed to testify at trial; (2) a January 8, 2001, trial setting; and (3) a trial court order as to depositions of four witnesses.  We deny the immediate relief and emergency stay sought.   

BACKGROUND

The cause out of which this proceeding arises is styled Allen M. Hare, as Independent Executor of the Estate of Naomi May Hare, Deceased, v. King’s Manor Methodist Retirement System, Inc. d/b/a King’s Manor Personal Care Home and King’s Manor Methodist Home, and Kelly Jean Rogers, R.N., cause number 85678-B in the 181st
 District Court of Potter County (the trial court).  A trial date of January 8, 2001, was set in September, 2000.  Pursuant to a hearing held on November 13, 2000, and by order signed December 8, 2000, the Honorable John T. Forbis, Senior Judge, (the trial judge) presiding by assignment, addressed several matters then pending before the court.  Two of those matters are the subject of relators’ request for immediate relief and emergency stay.  We will address the matters separately.

EXPERT WITNESSES 

At the November 13th
 hearing, attorneys for real party in interest Hare requested two types of relief in regard to expert witnesses.  Hare’s attorneys requested the trial judge to rule (1) that relators were not to be afforded opportunity to depose the experts designated by Hare, and (2) the experts designated by relators had not been timely designated and should not be allowed to testify at trial.  As related to the matter before us, Judge Forbis ruled that the experts designated by relators on November 8th
 would not be permitted to testify as experts at trial.  Relators assert in this original proceeding that such ruling is, in effect, an impermissible “death penalty.” 

By responsive brief and at oral submissions on December 29, 2000, counsel for real party in interest Hare has represented that Hare would not object to testimony of or use at trial of the expert witnesses designated by relators on November 8, 2000, based on the trial court’s order of December 8, 2000, and thus did not oppose that portion of the immediate relief requested by relators.  Counsel for Hare specifically reserved the right to urge all other bases for excluding the participation of such experts or the testimony of such experts, including but not limited to sanctions being sought via motions now pending before the trial court.  

Our review of the record of the November 13, 2000, hearing reveals that the trial judge excluded the experts designated by relators based on application for relief by Hare because of alleged discovery and disclosure abuses, and not based on 
sua sponte
 action by the trial judge.  Accordingly, we need not consider and do not determine whether the trial court abused his discretion in entering that part of the order of December 8, 2000, which granted Hare’s request that relators’ experts and their expert testimony be excluded from trial.  Rather, based upon this record and the representation of counsel for Hare, we deny the immediate, temporary relief and emergency stay sought by relators as to that part of the trial court’s order excluding expert witnesses, without prejudice to their refiling their application for immediate temporary relief if the trial court does not, prior to commencement of trial, set aside that part of its order of December 8, 2000, which orders that “the witnesses designated as testifying experts on November 8, 2000, will not be permitted to testify as experts for Defendants.” 

DEPOSITIONS 

As a result of the November 13th
 hearing, the trial judge made two rulings in regard to depositions from which relators seek relief.  One ruling was that defendant Kelly Jean Rogers, R.N., and witnesses Pat Ancona, R.N., Karen Vessel, R.N., and Joy Bunch be presented for depositions at the offices of counsel for Hare in Dallas, Texas, on a date and at a time designated by counsel for Hare, and that should one of the referenced witnesses be available only by subpoena at a distant place, the cost of subpoenaing that witness and the travel expenses to the place of the deposition incurred by Hare’s counsel are to be paid by relators.  Relators assert that the trial court’s order violates the directives enunciated by the Texas Supreme Court in 
Wal-Mart Stores, Inc. v. Street
, 754 S.W.2d 153 (Tex. 1988).  The other ruling of which relators complain was that such witnesses were required to answer questions regarding information contained in records of the Texas Department of Human Services and the Texas Workforce Commission.  The order of December 8th
 specifically provided, however, that reports or communications made directly to the Texas Board of Nurse Examiners regarding defendant Kelly Jean Rogers, R.N., were confidential, in accordance with the prior ruling of this court.  Relators assert that the trial court’s order does not conform to the prior ruling of this court as to matters declared confidential.  Relators seek an emergency order staying the depositions of the referenced witnesses “to prevent further sanctions motions and possible striking of pleadings by the trial court,” and so that their petition for mandamus may be considered as to whether defense witnesses are required to answer deposition questions regarding matters this court previously declared confidential.  

The appendix to Hare’s responsive brief contains copies of certificates of non-appearance of the witnesses for depositions noticed for separate occasions on December 14, 2000, and December 20, 2000.  Attached with the certificate of non-appearance of the witnesses for December 14th
 is a pleading filed by counsel for relators which is entitled Objection to Time and Place of the Depositions of Pat Ancona, Kelly Rogers, Karen Vessel, and Joy Bunch.  In the Objection, relators set out reasons that the noticed depositions of the witnesses are objected to, pursuant to 
Tex. R. Civ. P
. 199.4, none of which include an assertion that the location of the depositions are in a county or location not authorized by the rules of civil procedure or prior court precedent.  Nor is such an objection lodged in a letter of December 5, 2000, by counsel for relators directed to the trial court and in which counsel request reconsideration of the trial judge’s ruling that witnesses are to be presented for deposing at the offices of counsel for Hare.  

Relators do not represent or present documents demonstrating that depositions of the witnesses are now noticed or scheduled.  
See
 
Tex. R. App. P
. 52.4(j).  Relators have not provided proof that their objection to the time and place of depositions has been presented to or determined by the trial court, 
see
 
Tex. R. Civ. P
. 199.4, and that there is a need for this court’s intervention in the trial court’s pretrial management of the case.

    

CONCLUSION

It is the relator’s burden to show entitlement to extraordinary relief being requested from an appellate court.  
See
, 
generally
, 
Johnson v. Fourth District Court of Appeals
, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).  The record before us, considered in light of the representations made by counsel for real party in interest as to the trial court’s exclusion of relators’ experts, does not show relators’ entitlement to our immediate, emergency intervention in the trial court’s management of its docket and pretrial rulings.  Relators’ Motion for Immediate, Temporary Relief and Emergency Stay is denied without prejudice. 

Per Curiam

Do not publish.