# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-09-00512-CV
---

**In re Bannum, Inc.**

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
### NO. D-1-GN-07-002493, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

The district court in the underlying case ordered, as a sanction, that John Rich (the president of Bannum, Inc.) be deposed in Austin, Texas. Rich is not a party to the underlying case or a resident of Texas. In response to the order, Bannum filed this petition for writ of mandamus. *See Wal-Mart Stores, Inc. v. Street*, 754 S.W.2d 153, 155 (Tex. 1988) (orig. proceeding) (per curiam) (mandamus addressing whether court improperly ordered that individual be deposed in Texas); *see also In re Prince*, No. 14-06-00895-CV, 2006 Tex. App. LEXIS 10558, at *4 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (explaining that discovery orders that are contrary to rules of procedure are "reviewable by mandamus").

The rules of civil procedure list various locations at which an individual may be deposed. Tex. R. Civ. P. 199.2(b)(2). If the individual is a party or if the party is an organization and designates a person to act as its representative in a deposition, the rules allow the witness to be deposed in the county of suit. *Id.* R. 199.2(b)(2). Rich is not party, nor has he been designated as a representative by Bannum. For nonparties, the rules allow the witness to be deposed in "the county

of the witness's residence," "the county where the witness is employed or regularly transacts business in person," or "the county where the witness was served with the subpoena, or within 150 miles of the place of service, if the witness is not a resident of Texas or is a transient person." *Id.* Rich resides in Florida, and nothing in the record presented to us demonstrates that he routinely conducts business in Texas; consequently, the rules governing oral depositions do not allow Rich to be compelled to appear in Austin for a deposition.[1] *See* Tex. R. Civ. P. 199.1-.6; *Wal-Mart Stores Inc.*, 754 S.W.2d at 155 (explaining that rules do not allow court to require nonparty to be deposed in county where he does not live or work; court should have ordered that deposition take place in county where nonparty worked and lived).

Although the rules covering oral depositions do not allow a court to order an out-of-state nonparty to appear, the district court ordered that Rich be deposed in Austin as a "sanction." Assuming without deciding that Bannum's conduct warranted the imposition of sanctions, the rules do not expressly authorize this type of sanction. Rule 215.2 specifically lists eight types of sanction orders that may be issued to address failures to comply with discovery requests. *See* Tex. R. Civ. P. 215.2. None of those types of orders allow a court to impose the type of sanction at issue here. *See id.* In addition to the eight specific types of orders, the rule also authorizes a court to issue orders

---

[1] We note that the rules also allow a deposition of a nonparty to take place "at any other convenient place directed by the court," Tex. R. Civ. P. 199.2(b)(2)(E), but that provision is "subject to" the locations that are permissible under the rule (e.g., where the witness lives or works or near where witness was served if he is a nonresident), *id.* Moreover, nothing in the record before us demonstrates that it would be reasonable or convenient to depose Rich in Austin. *See id.* R. 199.2(b) (requiring deposition notice to list reasonable location for deposition); *see also Wal-Mart Stores Inc. v. Street*, 754 S.W.2d 153, 155 (Tex. 1988) (orig. proceeding) (per curiam) (noting that nothing in record showed that it was reasonable or convenient to require nonparty to travel to Texas for deposition).

that are "just." *See id.*; *see also In re Western Star Trucks US, Inc.*, 112 S.W.3d 756, 765 (Tex. App.—Eastland 2003, orig. proceeding) (listing factors to consider when analyzing whether order is "just"). However, even though this rule gives courts discretion when choosing what sanctions, if any, to impose, a court abuses its discretion when it orders something beyond what is allowed by the rules of procedure. *Cf. Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995). The district court's order requiring a nonparty who does not live or work in Texas to appear in Austin for a deposition is contrary to the rules of procedure. *See In re Western Star Trucks US, Inc.*, 112 S.W.3d at 764-65 (concluding that sanction requiring nonparty to be deposed in county in which nonparty did not "reside, work, or regularly transact business" was not "just"). Accordingly, the district court abused its discretion when it issued the order.

In light of the preceding, we conditionally grant Bannum's writ of mandamus requesting that the deposition notice be quashed.[2] *See Wal-Mart Stores Inc.*, 754 S.W.2d at 155. We presume that the trial court will modify its order as directed by this opinion, and writ will issue only in the unlikely event that it does not. We note that in making this ruling, we express no opinion as to whether the district court could order Bannum to pay the fees related to a future deposition of Rich in the event that relator Tovar pursues the option of deposing Rich in the county of his residence. *See* Tex. R. Civ. P. 215.2(b)(2). All other relief not expressly granted is denied.

---

[2] In her dissent, Justice Patterson states that she would have denied the motion on the ground that Bannum failed to file a reporter's record in this case. In its responsive brief, Tovar admitted that "no testimony was presented at the hearing." Accordingly, the record before this Court was not incomplete.

3

_____

David Puryear, Justice

Before Justices Patterson, Puryear, and Pemberton
    Dissenting Opinion by Justice Patterson

Filed:   October 30, 2009