# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00469-CV

**In re Wells Fargo Bank, N.A.**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Wells Fargo Bank, N.A., requests that this Court issue a writ of mandamus ordering the trial court to vacate or modify its July 19, 2010 Order requiring Wells Fargo to produce John Grissom for deposition in Travis County by August 18, 2010. We conditionally grant the writ for that part of the order requiring Grissom to appear in Travis County. We deny it in all other respects.

Wells Fargo was sued for wrongful foreclosure by Walter David Carmichael, the real party in interest. Carmichael initially set Grissom's deposition for July 17, 2009, in Corpus Christi, Texas—Carmichael's residence and the original venue for this suit. Wells Fargo filed a motion to quash the deposition, contending that Grissom was unavailable and was not a designated representative of Wells Fargo. Wells Fargo asserted that the deposition should take place in Des Moines, Iowa, where Grissom works, at a mutually convenient time. The motion to quash was not set for hearing before the date set passed. Nearly a year later, by motion filed July 7, 2010, Carmichael sought to compel the deposition along with other discovery. After a hearing, the

trial court ordered Wells Fargo to produce Grissom for deposition in Travis County, Texas, the current venue of the suit.

Mandamus is an extraordinary remedy, available only when a trial court abuses its discretion and when there is no adequate remedy by appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Mandamus will issue when a trial court orders a deposition to occur in a location contrary to the rules of procedure. *See Wal-Mart Stores, Inc. v. Street*, 754 S.W.2d 153, 155 (Tex. 1988) (orig. proceeding).

Wells Fargo contends that this order is an abuse of the trial court's discretion because (1) there was no pending deposition notice complying with Tex. R. Civ. P. 199.2, which would support an order to compel, and (2) there was no basis on which to order the deposition to occur in Travis County, Texas. We find no abuse of discretion warranting mandamus on the first ground. Although the date for the deposition had passed, the issues underlying the motion to quash had not been resolved. Grissom's status as in-house counsel, not designated as a corporate representative, whose testimony by and large may be protected by privilege does not shield him from being deposed on non-privileged matters within his knowledge. However, we find that the trial court abused its discretion by ordering the deposition to take place in Travis County, Texas.

By rule, depositions may be set in the county of the witness's residence; the county where the witness is employed or regularly transacts business in person; the county of suit, if the

2

witness is a party or a person designated by a party under rule 199.2(b)(1); the county where the witness was served with the subpoena, or within 150 miles of the place of service, if the witness is not a resident of Texas or is a transient person; or, subject to the foregoing, at any other convenient place directed by the court in which the cause is pending. Tex. R. Civ. P. 199.2(b). Convenience is determined from the witness's viewpoint. *See Wal-Mart*, 754 S.W.2d at 155. The only evidence in the record is that Grissom works in Des Moines, Iowa, and lives in the adjacent county. It is not alleged that he received service within 150 miles of Travis County, Texas, or was a transient, or that Travis County, Texas was convenient for him. Grissom is not a party and he has not been designated as a corporate representative by Wells Fargo under rule 199.2(b)(1), which provides in relevant part as follows:

> If an organization is named as the witness, the notice must describe with reasonable particularity the matters on which examination is requested. In response, the organization named in the notice must—a reasonable time before the deposition—designate one or more individuals to testify on its behalf and set forth, for each individual designated, the matters on which the individual will testify. Each individual designated must testify as to matters that are known or reasonably available to the organization.

Tex. R. Civ. P. 199.2(b)(1). Wells Fargo designated other individuals as potential corporate representatives, but not Grissom. Absent the designation by Wells Fargo, required proximity of service location, or Grissom's convenience, Grissom's deposition could be required only in the county where he resides, is employed, or regularly transacts business. There is no showing that Travis County, Texas fits any of those categories.

Carmichael contends that the court was within its discretion to order Grissom to appear in Travis County for deposition because he actively participated in the underlying lawsuit in furtherance of Wells Fargo's defenses and because judicial economy warrants his deposition going forward in Travis County. Carmichael argues that Grissom's involvement in the suit is much more extensive than the removed executive like Sam Walton in *Wal-Mart*, 754 S.W.2d at 155. He notes Grissom's assertions in his affidavit that he had personal knowledge of facts underlying the subject matter of the lawsuit or related defenses. Carmichael emphasizes that Wells Fargo actively sought to move the case from Nueces County to Travis County. Carmichael also argues that a Travis County deposition will be easier and cheaper for Grissom to travel than for both parties' Texas-based counsel to travel to Des Moines.

While these observations may be accurate, and a good common-sense argument can be made for producing Grissom in Travis County, these considerations do not override the rule's requirements. Rule 199.2(b)(2)(C) permits requiring a deposition in the county of suit only if the witness is a party or a person designated by a party under Rule 199.2(b)(1). It is undisputed that Grissom has not been so designated. The rule does not contemplate *de facto* or implied designation by conduct. Neither does the rule require that efficiency or cost-consciousness override its express provisions. We conclude that the trial court abused its discretion by ordering Grissom to appear for a deposition in Travis County, Texas.

We conditionally grant the writ of mandamus and direct the trial court to vacate the provision of its order requiring Wells Fargo to produce Grissom for deposition in Travis County,

Texas. The writ will issue only if the trial court fails to comply. We otherwise deny the petition for writ of mandamus.

 

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Filed: August 16, 2010