Opinion issued May 3, 2012.



In The

Court of
Appeals

For The

First
District of Texas

————————————

NO. 01-12-00037-CV

———————————

In re Alamex, NV, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

MEMORANDUM OPINION

          Alamex,
NV requests that this Court issue a writ of mandamus compelling the trial court
to vacate its order requiring Alamex to produce Carol Fleming, a resident of
Curacao, for deposition in Hidalgo County, Texas.[1] We stayed the deposition
and now conditionally grant Alamex’s petition.

          This dispute arises from an
airplane crash that resulted in the deaths of pilot Jose Francisco Ortiz and
passenger Georgina Grimaldo Azuara. To determine Ortiz’s assets, his estate and
the Azuara estatesought to depose Fleming on the subject of Ortiz’s interests
in Alamex in two separate lawsuits: one pending in Hidalgo County, Texas and
another pending in Harris County, Texas. Alamex moved to quash the notices of
deposition in both cases. In the Hidalgo County case, the court found that
Alamex had designated Fleming as its corporate representative and ordered her
to appear for depositionin Hidalgo County. Following the Hidalgo County court’s
determination of Fleming’s status as a designated corporate representative, the
Harris County courtordered Fleming to appear for deposition in Hidalgo County at
the same time and in the same place. Alamex challenges the Harris County
court’s order compelling Fleming’s deposition in Hidalgo County.[2]

          Mandamus is an extraordinary
remedy, available only when the trial court commits a clear abuse of discretion
for which there is no adequate remedy by appeal. In re Ford Motor Co., 165 S.W.3d 315, 317 (Tex. 2005). A trial
court abuses its discretion if it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law or if it
clearly fails to correctly analyze or apply the law. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding). “Mandamus will issue when a trial court orders a deposition to
occur in a location contrary to the rules of procedure.” In re Wells Fargo Bank, N.A., No. 03-10-00469-CV, 2010 WL 3271159,
at *1 (Tex. App.—Austin Aug. 16, 2010, orig. proceeding) (mem. op.) (relying onWal-Mart Stores, Inc. v. Street, 754
S.W.2d 153, 155 (Tex. 1988) (orig. proceeding)).

          Alamex
arguesthat the Harris County court abused its discretion because there was no
basis on which to order Fleming’s deposition to occur in Hidalgo County. By
rule, depositions may be set in the county of the witness’s residence; the
county where the witness is employed or regularly transacts business in person;
the county of suit, if the witness is a party or a person designated by a party
under rule 199.2(b)(1); the county where the witness was served with the
subpoena, or within 150 miles of the place of service, if the witness is not a
resident of Texas or is a transient person; or, subject to the foregoing, at
any other convenient place directed by the court in which the cause is pending.
See Tex.
R. Civ. P. 199.2(b)(2)(A)−(E). Convenience is determined from the witness’s viewpoint. See Street, 754 S.W.2d at 155.Because it
is undisputed that Fleming lives and works in Curacao and there is no
allegation that she was served within 150 miles of Hidalgo County or was a
transient person, Hidalgo County is a proper location for Fleming’s deposition
only if Alamex designated her as its corporate representative and the trial
court determined Hidalgo County was a convenient place for her deposition. See Tex.
R. Civ. P. 199.2(b)(2)(C), (E). 

With respect to the designation of
corporate representatives, rule 199.2(b)(1) provides in relevant part:

If an organization is named
as the witness, the notice must describe with reasonable particularity the
matters on which examination is requested. In response, the organization named
in the notice must—a reasonable time before the deposition—designate
one or more individuals to testify on its behalf and set forth, for each
individual designated, the matters on which the individual will testify. Each
individual designated must testify as to matters that are known or reasonably
available to the organization.

 

Tex. R. Civ. P.
199.2(b)(1). The Ortiz and Azuara estates assert that Alamex designated Fleming
as its corporate representative under this rule. But all of the evidence on
which the estates rely—specifically,
discovery responses, in-court representations, correspondence, and pleadings
suggesting Fleming’s status as a designated corporate representative—is evidence
of Alamex’s conduct in the Hidalgo County litigation, not the Harris County
litigation. The estates have not offered evidence of any instance in which
Alamex designated Fleming as a corporate representative in the Harris County
litigation. Neither have the estates cited any authority providing that the
designation of a corporate representative in one lawsuit is sufficient to
subject the designated individual to deposition as a corporate representative
in an entirely separate proceeding. Rule 199.2(b)(1)does not contemplate thede facto or implied designation asserted
by the estates. 

          To
the extent the estates complain that the Harris County court would have abused
its discretion by denying a motion to compel Fleming’s deposition, we note that
our holding is not that Fleming is not subject to being deposed. That Alamex
has not designated her as a corporate representative does not shield her from
being deposed on non-privileged matters within her knowledge. The issue here is
whether the trial court abused its discretion by ordering Fleming’s deposition
to take place in Hidalgo County. While practical, convenience-based reasonsmay
exist for producing Fleming in Hidalgo County at the same time and in the same
place she was ordered to appear for another deposition, such considerations do
not override rule 199.2’s requirements. With respect to the place of the
deposition alone, the trial court erred. 

Conclusion

          We conditionally grant the
petition for writ of mandamus and order the trial court to vacate its order
requiring Alamex to produce Carol Fleming for deposition in Hidalgo County,
Texas. Our writ will issue only if the trial court does not comply.

                                                                   

 

 

 

 

 

 

Harvey
Brown

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.











[1]           The underlying case is In re Estate of Jose Francisco Vasquez-Ortiz
et al., No. 378,303 in the Probate Court No. 2 for Harris County, Texas,
the Honorable Mike Wood presiding.

 





[2]           Alamex also challenged the Hidalgo
County court’s order compelling Fleming’s deposition there by petition for writ
of mandamus. The Corpus Christi Court of Appeals denied Alamex’s petition
without opinion. See In re Alamex, NV,
No. 13-12-00030-CV, 2012 WL 256140, at *1 (Tex. App.—Corpus Christi Jan. 20,
2012, orig. proceeding) (mem. op.).