

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00656-CV

**IN RE FAMILY DOLLAR STORES OF TEXAS, LLC**,
A Texas Limited Liability Company

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:        Karen Angelini, Justice
                   Rebeca C. Martinez, Justice
                   Luz Elena D. Chapa, Justice

Delivered and Filed:  April 29, 2015

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator, Family Dollar Stores of Texas, LLC, filed this petition for writ of mandamus on September 18, 2014, complaining of the trial court's order granting the plaintiff's motion to compel and for sanctions related to a corporate representative deposition.[2] Family Dollar contends the challenged order constitutes a clear abuse of the trial court's discretion because it imposes obligations contrary to the Texas Rules of Civil Procedure and sanctions Family Dollar inappropriately. We agree, and therefore conditionally grant the petition for writ of mandamus.

---

[1] This proceeding arises out of Cause No. 391473, styled *2444 Babcock, Ltd., a Texas Limited Partnership v. Family Dollar Stores of Texas, LLC, a Texas Limited Liability Company*, pending in the County Court at Law No. 3, Bexar County, Texas, the Honorable David J. Rodriguez presiding.

[2] This proceeding was abated in November 2014 to allow the parties to participate in mediation of the underlying dispute. Because settlement negotiations have proven unsuccessful, this proceeding was reinstated on March 11, 2015.

**Background**

The plaintiff in the underlying forcible detainer action, 2444 Babcock, Ltd., initially sued Family Dollar in Justice Court alleging Family Dollar had wrongfully withheld $1,016.89 in rent owed on a commercial lease. A judgment was entered in favor of the plaintiff and Family Dollar brought a de novo appeal in the County Court at Law.

Babcock served a notice for the oral deposition of Family Dollar in May 2014, specifying thirty-five subjects on which testimony was requested. Family Dollar designated Kim Trantham, a Senior Divisional Manager of Lease Administration, as its corporate representative for purposes of deposition.

On the date of the deposition, Trantham appeared and responded to questions from Babcock's counsel. During the deposition, Babcock's counsel repeatedly asked Trantham if she was "the best person to respond to questions" regarding some of the specified topics and whether she was "the person at Family Dollar" with "personal knowledge" of the various specified topics. In many instances, Babcock's counsel did not ask the witness any substantive questions about the specified topics other than whether she had personal knowledge prior to receiving the deposition notice and preparing for her deposition. Trantham did respond to counsel's questions, occasionally asserting that her knowledge was based upon her investigation and preparation for the deposition.

Family Dollar's counsel objected on the record that some questions implied that Family Dollar was obligated to produce a corporate representative with personal knowledge of each topic and that only "the best person," or a witness with personal knowledge, was qualified to respond to questions. Family Dollar's counsel also clarified with the witness on the record that she had prepared to respond to questions on all of the topics specified in the deposition notice, and that she was reasonably prepared to testify on behalf of Family Dollar on those topics based on her investigation and document review.

Approximately one month after Trantham's deposition, Babcock filed a motion to compel and for sanctions. In its motion, Babcock asserted, "Defendant failed to produce a corporate representative with personal knowledge" of the topics specified for the corporate deposition. Babcock requested that the court compel the depositions of two additional named witnesses, Aretha Ford and Anissa Jones, on the matters included in the deposition notice. In addition, Babcock requested sanctions for the defendant's failure to produce a corporate representative with personal knowledge of the matters identified for examination. Specifically, Babcock requested its attorney's fees and expenses associated with Trantham's deposition, as well as the fees and expenses associated with the anticipated depositions of Ford and Jones.

After a hearing, the trial court entered an order granting Babcock's motion to compel and for sanctions on September 11, 2014. In its order, the trial court finds that the corporate representative presented by Family Dollar "did not have personal knowledge" regarding ten of the matters identified for examination, and "had no personal knowledge" of seventeen of the topics prior to receiving the notice of deposition. The order states that Family Dollar's failure to present a corporate representative with personal knowledge of the matters identified for examination "was an abuse of the discovery process violative of TEX. R. CIV. P. 215 by increasing the costs of litigation and frustrating the reasonable discovery rights of the Plaintiff." The trial court ordered Family Dollar to designate an additional corporate representative for deposition and, if the witness designated was someone other than Aretha Ford or Anissa Jones, "Plaintiff shall bear the costs of the deposition(s)." Babcock was ordered to submit affidavits reflecting its fees and expenses associated with Trantham's deposition for the court's consideration. The order states that it will be amended to award a specific dollar amount of sanctions in favor of Babcock based upon that review.

Family Dollar filed this original proceeding seeking to vacate the trial court's September order compelling the deposition of a second corporate representative and granting sanctions against Family Dollar for discovery abuse.

**Analysis**

Mandamus is an extraordinary remedy, available only when a trial court abuses its discretion and when there is no adequate remedy by appeal. *In re Ford Motor Co*., 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

Generally, oral depositions may be requested in the county of the witness's residence or employment, the county where the witness is served with the subpoena, or another convenient place as directed by the court. TEX. R. CIV. P. 199.2 (b)(2). When a party notices the deposition of a corporation, and the organization designates an individual to testify as a corporate representative on its behalf, the rule allows the deposition to be conducted in the county in which the suit is pending. TEX. R. CIV. P. 199.2 (b)(2)(C).

The challenged order requires Family Dollar to designate an additional corporate representative for deposition, presumably to be conducted in the county where the suit is pending, despite the fact that Family Dollar presented Trantham for deposition in accordance with the rules. Family Dollar's remaining corporate witnesses reside out of state and would only be subject to deposition in their place of residence, employment or service. TEX. R. CIV. P. 199.2 (b)(2). The trial court abused its discretion in ordering an additional corporate representative deposition to occur in the county of suit on the same topics on which a witness has already been presented. *See Wal-Mart Stores, Inc. v. Street*, 754 S.W.2d 153, 155 (Tex. 1988) (orig. proceeding) (mandamus

will issue when a trial court orders a deposition to occur in a location contrary to the rules of procedure).

The trial court's order also constitutes an abuse of discretion for another reason. An individual witness designated to present testimony on behalf of a corporation is obligated to "testify as to matters that are known or reasonably available to the organization." TEX. R. CIV. P. 199.2 (b)(1). The corporation is entitled to present one or more witnesses to meet this obligation with respect to the topics specified in the corporate representative deposition notice. *Id.* There is no obligation to present the "most knowledgeable" person, or an individual with personal knowledge of the specified topics, but only a person reasonably prepared to address the subject matters designated in the notice. Trantham testified that she had conducted an investigation and interviews with other individuals, in addition to reviewing records and documents, and that she was reasonably prepared to testify on all of the subjects included in Babcock's deposition notice. Because Family Dollar designated and presented the corporate representative of its choosing for deposition in accordance with the rules, the trial court abused its discretion in ordering Family Dollar to designate an additional witness or witnesses to testify on its behalf with respect to the same topics.

**Conclusion**

Family Dollar designated and presented the corporate representative of its choosing for deposition in accordance with the rules. Therefore, we conclude the trial court abused its discretion in ordering Family Dollar to designate an additional witness or witnesses to testify on its behalf with respect to the same examination topics. In addition, the portion of the trial court's order granting sanctions against Family Dollar for failing to produce a corporate representative with personal knowledge of the matters for examination also constitutes an abuse of discretion. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to

vacate its September 11, 2014, order on the plaintiff's motion to compel and for sanctions. The writ will issue only if we are advised the trial court has failed to comply within fifteen days from the date of this court's order.

PER CURIAM