**WAL–MART STORES, INC., and Jerry Rand, Relators,**

v.

**Hon. John STREET, Judge 352nd District Court, Tarrant County, Respondent.**

**No. 2–88–244–CV.**

Court of Appeals of Texas, Fort Worth.

Dec. 12, 1988.

Vic Anderson, Jr., Shannon, Gracey, Ratliff & Miller, Fort Worth, for relators.

Wallace Craig, Wallace Craig and Associates, Fort Worth, for respondent.

Before JOE SPURLOCK, II, HILL and LATTIMORE, JJ.

## OPINION

HILL, Justice.

This is a discovery mandamus proceeding. Relators Wal-Mart Stores, Inc. and Jerry Rand seek writ of mandamus directing the Honorable John Street, Judge of the 352nd District Court, to rescind his order of November 18, 1988, directing Wal-Mart to produce Sam Walton on November 28, 1988, in the courtroom of the 352nd District Court in Fort Worth, Texas for the purpose of taking his deposition in the cause of *Andrew Carrizales v. Wal-Mart Stores, Inc. and Jerry Rand, Individually.* Sam Walton is Chairman of the Board, a major shareholder, and past president of Wal-Mart. The Relators also seek writ of mandamus directing Judge Street to set aside his order imposing certain sanctions against Wal-Mart due to the failure of Walton to appear for his deposition as ordered by Judge Street.

We overrule relators' amended petition for writ of mandamus, because we find that the record before us does not show a clear abuse of discretion on the part of Judge Street in ordering that Walton's deposition be taken in Fort Worth, and because we find that Wal-Mart has an adequate remedy by appeal with respect to the issue of the imposition of sanctions.

We will first consider the Relator's request that we direct Judge Street to set aside his order imposing certain sanctions against Wal-Mart for Walton's failure to appear for his deposition as ordered by Judge Street.

On an earlier occasion when Judge Street had ordered Wal-Mart to produce Walton in Fort Worth for the taking of his deposition in the slip-and-fall case now pending in Judge Street's court, Wal-Mart filed a motion for leave to file petition for a writ of

mandamus in this court asking for an order directing Judge Street to rescind or modify his order to produce Walton. It urged that the trial judge clearly abused his discretion in ordering Wal–Mart to produce Walton for the purpose of taking his deposition, and it urged that in any event Judge Street clearly abused his discretion in requiring that the deposition be taken in Fort Worth instead of in the county containing Bentonville, Arkansas, the county of Walton's residence. We denied leave to file petition for writ of mandamus. The Texas Supreme Court refused to issue writ directing Judge Street to rescind his order to Wal–Mart to produce Walton for the purpose of taking his deposition. *See Wal–Mart Stores, Inc. v. Street*, 754 S.W.2d 153 (Tex.1988). They found no clear abuse of discretion in Judge Street's decision that Walton is an agent of Wal–Mart subject to its control and that Walton may possess knowledge reasonably calculated to lead to the discovery of admissible evidence. *See id.* at 154–55. The Supreme Court did conditionally grant Wal–Mart a writ of mandamus directing Judge Street to modify his order to provide that the deposition be taken in the county of Walton's residence, that being the county in which Bentonville, Arkansas is located. *Id.* at 155.

Subsequently, Judge Street modified his order to provide that Walton's deposition was to be taken at the headquarters of Wal–Mart in Bentonville, Arkansas, a place which was agreed to by all parties to the suit, although not necessarily by Walton individually. After that order was entered, but before the time for the taking of the deposition, Walton sought and obtained a protective order from a district court in Bentonville, Arkansas, directing instead that the deposition be taken at the same time as that ordered by Judge Street but at the courthouse in Bentonville rather than at the Wal–Mart headquarters. Presumably the change in place was to provide for the presence of a judge to rule on any matters with respect to the taking of the deposition concerning which Walton might seek a protective ruling. Wallace Craig, counsel for the real party in interest, appeared at the Wal–Mart headquarters for the purpose of taking Walton's deposition as ordered by Judge Street. He declined to go to the courthouse to take Walton's deposition, even though it was only approximately one mile from the Wal–Mart headquarters.

Subsequently, the real party in interest sought and obtained an order from Judge Street which, among other things, struck Wal–Mart's pleadings, granted a default judgment as to liability against Wal–Mart, ordered Wal–Mart to produce Walton for deposition in the courtroom of the 352nd District Court in Fort Worth, Texas, and imposed sanctions on Wal–Mart in the event that Walton failed to appear for the taking of his deposition. The sanctions were to increase each day that Walton failed to appear, with the sanctions eventually reaching the level of $1,280,000 for the eighth day Walton failed to appear and $1,000,000 per day for each day thereafter.

■ Judge Street's order of sanctions was apparently issued under the authority of rule 215(3) of the Texas Rules of Civil Procedure, which provides for sanctions in the event of discovery abuse. The Texas Supreme Court has held, in a case in which a default judgment was threatened if a sanction of attorneys' fees was not paid, that mandamus did not lie because the relator had an adequate remedy by appeal. *See Street v. Second Court of Appeals*, 715 S.W.2d 638 (Tex.1986). We find that in this case, with respect to the imposition of sanctions, that Wal–Mart has an adequate remedy by appeal. *See id.* Since Wal–Mart has an adequate remedy by appeal with respect to the sanctions, mandamus will not lie as to them. *See id.* at 639.

We will next consider Wal–Mart's request that we issue writ directing that Judge Street rescind his order requiring Wal–Mart to produce Walton for the taking of his deposition in the courtroom of the 352nd District Court in Fort Worth, Texas. The question before us is whether Judge Street clearly abused his discretion in finding that his courtroom was a reasonable and convenient place to take Walton's deposition. *Wal–Mart v. Street*, 754 S.W.2d at 155.

In making his determination that the deposition should be taken in his courtroom in Fort Worth, Judge Street considered the fact of Walton's interference with location of the deposition after it had been selected by Judge Street, by agreement with the parties to the suit, and even though it was at Wal–Mart's headquarters in Bentonville, Arkansas, a location which was surely a reasonable and convenient place; he considered the fact that the interference took place prior to any act of harrassment or oppression in connection with the taking of the deposition; he considered the fact that Walton travels to Texas and other states in connection with the opening of Wal–Mart stores and Sam's wholesale stores; and he considered the fact that Walton's personal attorney offices in Dallas, Texas, a city more convenient to Fort Worth than to Bentonville. On this record we find no clear abuse of discretion in Judge Street's decision that the deposition should be taken in his courtroom in Fort Worth, Texas. The Supreme Court's previous holding that Judge Street had clearly abused his discretion in requiring the deposition to be conducted in Fort Worth was based on the fact that there was no evidence before Judge Street which would support a conclusion that Fort Worth was a reasonable and convenient place to take the deposition. *Id.* We find that the record is now at least sufficient to show that Judge Street did not clearly abuse his discretion. We may not substitute our discretion for that of the trial court. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 918 (Tex.1985).

Wal–Mart contends that there has been no new evidence on the subject of convenience since the Supreme Court held that Judge Street's prior order that the deposition be held in Fort Worth constituted a clear abuse of discretion. Prior to his subsequent determination that the deposition should be taken in Fort Worth, Judge Street had before him Walton's interference with the agreed location for taking the deposition. In addition, Judge Street took judicial notice of the fact that Walton travels to Texas and other states for publicity purposes in connection with the opening of every new Wal–Mart store or Sam's wholesale store, and the fact that Walton's personal attorney offices in Dallas, Texas, a city more conveniently located to Fort Worth than to Bentonville, Arkansas. Although one might take issue as to whether these are matters of which the trial court might take judicial notice, there was no objection to his doing so, there does not appear to be any dispute as to those facts, nor is there any complaint presented in Wal–Mart or Walton's pleadings before this court that takes issue with that action of Judge Street.

Wal–Mart continues to argue the issue of whether it has control over Walton. As we have already noted, that question has previously been determined adversely to its contention.

Wal–Mart also contends that Judge Street abused his discretion because the Arkansas court had the right to move the location of the deposition. Even if we assume that the Arkansas court did have such a right, Judge Street, in determining the issue of where the deposition was to be taken, had the right to consider the overall situation, including the fact that the location had previously been agreed to by Wal–Mart; the relationship of Wal–Mart and Walton, as previously found by the court; and the other factors to which we have previously referred, in reaching his decision as to whether it was reasonable and convenient to order the deposition to be held in Fort Worth.

Wal–Mart also refers us to the refusal of Wallace Craig, attorney for the real party in interest, to go the short distance from Wal–Mart headquarters to the courthouse in Bentonville to take Walton's deposition. Again, even if we assume that Craig was in error in failing to go to the courthouse, such failure would be a factor for the court to take into consideration in determining the issue of the reasonableness and convenience of Fort Worth as the site for the deposition, but we do not find that it would necessarily be a determinative factor, again because the court is free to consider the entire record before it in reaching that decision.

Finally, Wal–Mart contends that Judge Street used an incorrect standard, that of good cause, instead of making a determination as to the reasonableness and convenience of taking the deposition in Fort Worth. Judge Street did state that he found good cause for taking the deposition in Fort Worth. He also found Fort Worth to be a convenient place for taking the deposition, as contemplated by rule 201 of the Texas Rules of Civil Procedure. Although Judge Street did not make a specific finding to the effect that his choice of Fort Worth was a reasonable place to take the deposition, his statements imply a determination on his part that his choice was a reasonable one under all the circumstances. We may assume that he made such a determination in support of his order. *See Wal–Mart Stores, Inc.*, 754 S.W.2d at 154.

Walton contends that rule 201(5) accords him an absolute right to have his deposition taken in the county of his residence. He refers us to the rule and to the opinion of the Texas Supreme Court in *Wal–Mart Stores, Inc.* Neither the rule nor the Supreme Court's opinion supports Walton's conclusion. Rule 201(5) of the Texas Rules of Civil Procedure provides that, in addition to the county of the witness's residence, the taking of the witness's deposition may be where the witness is employed, where he regularly transacts business in person, or *at such other convenient place as may be directed by the court in which the cause is pending.* In *Wal–Mart Stores, Inc.*, the Supreme Court did not find that the deposition could only be taken in Bentonville, only that the record did not offer any support of Judge Street's conclusion that it was reasonable or otherwise convenient for Walton to travel to Fort Worth. We have found that the record as it presently stands does not show that Judge Street clearly abused his discretion in making such a finding.

Walton contends that there is no showing that Fort Worth is convenient to him. His argument overlooks the record as it now stands, which includes the fact of his travels to Texas and around the country doing publicity work for Wal–Mart, as well as the fact that his personal attorney practices in Dallas, a city more convenient to Fort Worth than to Bentonville.

We overrule relators' amended petition for writ of mandamus and dissolve the stay order which we have previously entered in this cause.

LATTIMORE, Justice, concurring.

I concur.

The opinion of the Supreme Court of Texas, in the prior mandamus proceeding cited by the majority, forecloses any evidentiary consideration by this court of the issue of control by Wal–Mart Stores, Inc. of the deponent Sam Walton. The evidence considered by the trial court to be sufficient to support the trial court in the prior mandamus proceeding contains the same element in this proceeding with regard to "control" of Walton by Wal–Mart, Inc.

We may not determine if in fact it is convenient and reasonable for Sam Walton to appear in Fort Worth, Texas to be deposed. Nor may we consider or examine the trial court's motives in determining that Sam Walton acted improperly in seeking instructions and guidance from a court in his home state, the designated site of the deposition by the Supreme Court of Texas.

It appears that the coercive power of the trial court here lies in striking at the assets of Walton, i.e. the value of his stock in Wal–Mart. Even though Walton is not a party to the suit, nor is he a subpoenoed witness, nor has he ever consented to be a witness in Texas, he is being attacked by the trial court and accused of outrageous conduct. This interpretation of Walton's conduct is laid at the door of Wal–Mart, and Wal–Mart is to be punished by extreme sanctions on some theory of vicarious liability for Walton's state of mind.

The drivers of this unfortunate series of events appear to be the desire of skilled and strong-willed lawyers and judge to prevail regardless of the imbalance between procedure and results. This does little to improve the standing of the civil justice system with the public.

I concur only because I must follow the law as it now stands.