# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00512-CV

### In re Bannum, Inc.

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## DISSENTING OPINION

The role of mandamus is not to micro-manage or second guess a trial court's discretion to impose a measured sanction for discovery abuse. Yet that is the role the majority prescribes to mandamus relief today. The majority undermines the district court's authority to control discovery and rewards abusive tactics by concluding that the district court exceeded its sanctioning authority pursuant to rule 215 of the Texas Rules of Civil Procedure. Because I would conclude that relator Bannum, Inc., has fallen far short of its burden to show that it is entitled to the extraordinary remedy of mandamus, I would deny Bannum's petition for writ of mandamus. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). I, therefore, respectfully dissent.

As an initial matter, a relator has the burden of providing this Court with a sufficient record to establish its right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *see also* Tex. R. App. P. 52.3(g), (j); 52.7(a). Bannum's petition for writ of mandamus challenges the district court's sanction order setting the deposition of John Rich, who is Bannum's president and a Florida

resident, in Austin, Texas. Bannum, however, failed to provide this Court with a reporter's record of the hearing in which the district court considered Bannum's motion for protective order and to quash Rich's deposition and the parties' competing requests for sanctions or the reporter's record from a prior related hearing sanctioning Bannum. On this basis alone, I would deny mandamus relief. *See Walker*, 827 S.W.2d at 837; *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985) (in considering sanctions, "presumed that the court is familiar with the entire case up to and including motion to be considered"; trial court could consider evidence introduced subsequent to sanctions hearing); *see also Cire v. Cummings*, 134 S.W.3d 835, 843 (Tex. 2004) (no abuse of discretion where record from sanction hearing showed that trial court discussed and considered lesser sanctions); *In re Western Star Trucks*, 112 S.W.3d 756, 761-62, 764-65 (Tex. App.—Eastland 2003, orig. proceeding) (transcript of hearing quoted at length and statements by the trial court cited in determining that the trial court abused discretion).

Further, on the record that is before this Court, I would conclude that the district court acted well within its discretion to order Rich's deposition in Austin as a sanction. *See Cire*, 134 S.W.3d at 838-39 (sanctions imposed for discovery abuse reviewed for abuse of discretion); *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 916-17 (Tex. 1991) (same); *see also* Tex. R. Civ. P. 215.2(b) (list of non-exclusive sanctions for failure to comply with order or discovery request). Sanctions should be reversed only if the trial court acts without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *See Cire*, 134 S.W.3d at 838-39. And the choice of sanction is left to the "sound discretion" of the trial court. *See TransAmerican*, 811 S.W.2d at 916-17; *In re Western Star Trucks, Inc.*, 112 S.W.3d at 765.

Ordering Rich's deposition in Austin squares with the district court's prior order for discovery abuse in which the district court sanctioned Bannum for its failure to produce a corporate representative, *see* Tex. R. Civ. P. 199.2, 215, and the relief real party in interest Christopher Tovar sought in his response to Bannum's motion for protective order and to quash Tovar's notice of Rich's deposition.

Following a hearing in May 2009, the district court awarded sanctions against Bannum for its failure to produce a corporate representative in response to several notices of intent to take the deposition of Bannum's corporate representative, including notices that were served on Bannum in April 2008 and July 2008. The district court set the corporate representative's deposition, by court order, on June 18, 2009:

> On the 26th day of May, 2009, the Joint Motion for Sanctions for Discovery Abuse and Failure to Appear at Deposition filed by Plaintiff Christopher Tovar and Defendant/Cross Plaintiff Eugene Mees against Defendant/Cross Defendant Bannum, Inc. was considered by the Court. After considering the evidence and hearing the arguments of counsel, the Court finds that the Joint Motion for sanctions should be GRANTED and that the deposition of Bannum, Inc.'s corporate representative should be set by court order.
>
> * * *
>
> **IT IS THEREFORE ORDERED** that the deposition of Bannum, Inc.'s corporate designee(s), on the subjects to be stated in any other party's Notice of Deposition, shall be taken [in] Austin, Texas . . . on the 18th day of June, 2009.[1]

---

[1] The district court additionally ordered Bannum to pay attorney's fees as sanctions at that time. Bannum has not provided a reporter's record of the May 2009 hearing.

3

Tovar thereafter served a notice of intent to depose Bannum's corporate representative for the court-ordered date of June 18, 2009, and included as one of the subject areas of the deposition communications between Tovar and Rich:

> We intend to question Bannum, Inc. about the knowledge and details of all communications (including but not limited to letters, and conversations, emails, and facsimile transmissions) between Bannum, Inc.'s representative, John Rich, and Christopher Tovar . . . .

Bannum produced David Lowry, a former employee and presently a consultant for Bannum, as the corporate representative for the deposition on June 18, 2009. Bannum did not challenge the May 2009 order setting the deposition or object to Tovar's subsequent notice for the deposition that included the designated subject area of communications between Tovar and Rich.

Following Lowry's deposition, the parties' current dispute arose. Tovar served Bannum with a notice of intent to depose Rich on July 29, 2009, in Austin, Texas, and Bannum moved for the district court to quash the notice and for protective order. *See* Tex. R. Civ. P. 199.4. Bannum contended, among its grounds, that the notice should be quashed because rules 176 and 199.3 bar the deposition of Rich, a resident of Florida, in Austin. *See id*. 176, 199.3. Tovar filed a response requesting Bannum's motion be denied—i.e., that Rich be deposed in Austin pursuant to Tovar's notice—and sought sanctions because Bannum was attempting to subvert rule 199.2. Tovar argued:

> Bannum has attempted to subvert Rule 199.2 and an Order of this Court by producing David Lowry ("Lowry") as its corporate representative, to testify in Austin about conversations and other communications between Tovar and Rich, a subject about

which he had no knowledge, and a subject specified in the notice as an area for questioning.

*See id.* 199.2. Attached to Tovar's response were his prior notices to depose Bannum's corporate representative and excerpts from the transcript of Lowry's deposition.[2] Bannum replied and sought sanctions against Tovar.

After a hearing, the district court denied Bannum's motion for protective order and to quash and ordered the deposition of Rich in Austin as a sanction. The district court expressly found that the designation of Lowry as the "corporate representative" that Bannum produced per the district court's prior order was inadequate:

> After considering the evidence and hearing the arguments of counsel, the Court finds that Bannum's motion should be **DENIED** and that the designation of David Lowry as a corporate representative to testify concerning communications between John Rich and Plaintiff, Christopher Tovar, was inadequate under Rule 199.2 of the Texas Rules of Civil Procedure.
>
> **IT IS THEREFORE ORDERED** that Bannum's Motion for Protective Order and to Quash is **DENIED**.
>
> **IT IS FURTHER ORDERED** that the deposition of John Rich, Bannum's President, as a sanction, shall be taken in Austin, Texas, before the end of the discovery period, at a time and place agreed to by the parties.

Given the district court's prior order that set the deposition of Bannum's corporate representative and addressed the subject areas of the deposition, Bannum's failure to challenge the

---

[2] In his response, Tovar asserts that there were at least nine instances in which Lowry could not answer questions pertaining to communications between Rich and Tovar. For example, Lowry testified that he did not know and was unable to testify whether there were conversations between Rich and Tovar during the time periods when Rich signed Tovar's bid and when Rich approved certain payments to Tovar.

5

prior order or object to Tovar's subject areas in the notice for the June deposition, and the district court's finding that Bannum's designation of Lowry as a corporate representative was inadequate under Rule 199.2, I would conclude that the district court acted with reference to guiding rules and principles in its "choice" of sanction to require Rich's deposition in Austin. *See Cire*, 134 S.W.3d at 839; *TransAmerican*, 811 S.W.2d at 916-17; *Downer*, 701 S.W.2d at 241. This sanction choice was just; there was a direct relationship between the improper conduct and the sanction imposed. *See Cire*, 134 S.W.3d at 839; *TransAmerican*, 811 S.W.2d at 916-17; *see also* Tex. R. Civ. P. 199.2, 215.

Without addressing Bannum's litigation tactics that resulted in a prior sanctions order or the district court's finding that Bannum's designation of Lowry as the corporate representative was inadequate, the majority concludes that the district court's sanction was not "just" because it was contrary to the rules of civil procedure to order the deposition of a non-party Florida resident in Austin, Texas.

The majority fails to recognize the distinction between the district court's power over non-party witnesses and officers of parties. *See* Tex. R. Civ. P. 176.3, 199.2(b), 199.3, 215; *In re Prince*, No. 14-06-00895-CV, 2006 Tex. App. LEXIS 10558, at *10-11, n.2 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (citing numerous cases holding no abuse of discretion by trial court to order deposition of officer of party in county of suit or in place other than county of witness's residence; distinction drawn between court's power to order depositions of non-party witnesses and parties or officers of parties); *Wal-Mart Stores, Inc. v. Street*, 761 S.W.2d 587, 590 (Tex. App.—Fort Worth 1988, orig. proceeding) (no abuse of discretion to

6

order deposition of chairman of board and past president of defendant taken in Fort Worth, the county of suit, rather than in deponent's county of residence in Arkansas).

Further, the majority's reliance on *Wal-Mart Stores, Inc. v. Street*, 754 S.W.2d 153 (Tex. 1988), is misplaced. The majority cites *Street* to support its conclusion that the rules of civil procedure do not allow a court to order an out-of-state party to appear. But, in the subsequent mandamus proceeding in that case, the Fort Worth Court of Appeals denied Wal-Mart's petition for writ of mandamus to direct the trial court to rescind a subsequent order that Walton's deposition be taken in Fort Worth. *Street*, 761 S.W.2d at 588. Our sister court expressly rejected Walton's argument that, as a resident of Arkansas, he had the "absolute right to have his deposition taken in the county of his residence." *Id*. at 591.

The majority also relies on *Street* to support its conclusion that "nothing in the record before us demonstrates that it would be reasonable or convenient to depose Rich in Austin." *See* 754 S.W.2d at 155. But in the subsequent mandamus proceeding in that case, our sister court, addressing a similar argument, found the trial court did not abuse its discretion in finding that the county of suit, Fort Worth, was a "reasonable and convenient place" to take the deposition of Walton who was a non-party and non-resident. 761 S.W.2d at 589. The court listed factors that a trial court may consider in determining this issue, including (i) the overall "situation," (ii) the relationship between the witness and the party, and (iii) the location of counsel, and discussed the facts that the trial court considered in ordering Walton's deposition in the county of suit, rather than the county of his residence in Arkansas. *Id*. at 590. Here, the district court could have considered the entire record up to Bannum's motion for protective order and to quash, including the transcript of Lowry's

7

deposition,[3] to find that Austin was a reasonable and convenient place for Rich's deposition based upon the factors of the overall situation between the parties, the district court's prior order sanctioning Bannum, the relationship between Rich and Bannum, and the location of Bannum's counsel in Austin, Texas. *See id.*

On this record that includes the district court's prior order sanctioning Bannum for failure to produce a corporate representative, ordering the deposition of Bannum's president in Austin was not contrary to the rules of civil procedure and is far from the types of sanctions that have supported mandamus relief. *See Cire*, 134 S.W.3d at 839-40; *TransAmerican*, 811 S.W.2d at 916-17. Because I would conclude that relator Bannum failed in its burden to show that it is entitled to the extraordinary remedy of mandamus, I would deny the petition for writ of mandamus.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Filed:   October 30, 2009

---

[3] In his deposition, Lowry testified that (i) Bannum had been in business since 1984, it currently had nine contracts to operate halfway houses for the Federal Bureau of Prisons, and it was opening an additional one in South Carolina, (ii) Bannum contracted with the Bureau of Prisons to operate a halfway house in Austin, (iii) Rich accepted Tovar's bid for renovation work on the property that was to be the halfway house in Austin, (iv) Rich signed the contract between Tovar and Bannum, (v) Rich authorized payments made to Tovar for the work Tovar performed, (vi) Rich was the president of Bannum and an officer, (vii) Rich and his father own Bannum, a closely held corporation, and (viii) Lowry was not an employee but a consultant for Bannum at the time of his deposition.